UNITED STATES DISTRICT COURT

FOR THE Middle DISTRICT OF Alabama

_____ DIVISION

2008 MAY -1 A 9:38

UNITED STATES OF AMERICA

Plaintiff

v.

Kevin Williams

Movant

CRIMINAL CASE NO.

3:06CR259-MEF

MOTION UNDER 18 U.S.C. § 3582(c)(2)

FOR REDUCTION OF SENTENCE BASED ON RETROACTIVE GUIDELINE AMENDMENT, EFFECTIVE NOVEMBER 1, 2007, CONCERNING COCAINE BASE ("CRACK").

NOW COMES Movant Kevin Williams in a pro-se; respectfully moves this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10(c) of the United States Sentencing Guideline, to modify an already imposed sentence based upon the retroactive amendment to §2D1.1 of the Sentence Guideline which became effective November 1, 2007, specifically amendment 9-which pertains to offenses involving cocaine base ("crack") has the effect of lowering the guideline sentencing range for certain categories of offenses and offenders.

The Commission has listed in §1B1.10 (c) to include amendment 9 as the guideline amendment that the courts may apply retroactively under 18 U.S.C. § 3582(c)(2) which provides that " in the case of the defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon the motion of the defendant or the Director of Bureau of Prison, or on its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent that they are applicable policy statements issued by the Sentencing Commission".

II.    **AMENDMENTS TO THE GUIDELINES.**

On May 1, 2007, the United States Sentencing Commission [hereinafter] "USSC" or "the Commission"] sent to the United States Congress proposed changes to the

Guidelines, which included **interalia**, **Amendment 9**, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparities between powder cocaine and "crack". **Amendment 9 will effectively reduce Petitioner's sentence by two (2) points from the Base Offense level.** Thus crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by **two levels.** The amendment also designed a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances.

    The Commission stated in its "Reason For Amendments" that:

> "The Commission indentified as a policy **priority** for amendment cycle ending May 1, 2007, "continuation of its work with congressional, executive, and judicial branches of the government, and other interested parties on cocaine sentencing policy, " including reevaluating the Commission's 2002 report to Congress, titled **Cocaine and Federal Sentencing Policy.** As a result of the Anti-Drug Abuse Act of 1986, Pub. L. 99-57-, 21 U.S.C. §841(b)(1) requires a five year mandatory minimum penalty for a first time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten year mandatory minimum penalty for a first time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine. <u>Because 100 times more powder cocaine than crack is required to trigger the same mandatory minimum penalty</u>, this penalty structure is commonly referred to as the "100 to 1 drug quantity ratio". [See Amendments to the Sentencing Guidelines pp 45-46]. [Emphasis supplied].

    Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner respectfully submits that this Honorable Court so will accord the same or similar priority status in ruling upon this instant motion considering the great disparity as the reason for this modest amendment and reduce the sentence under the advisory guideline.

    Defendant respectfully moves this Honorable Court to reduce his/her sentence based on the following stated facts on record:

1. Federal Registratio Number: <u>11039-002</u>
2. Place of Confinement: <u>FCI TexArkana</u>
3. Name of Court Sentenced: <u>Alabama, Middle District</u>
4. Date of Sentence: <u>05-31-2007</u>
5. Length of Sentence: <u>135 months</u>

                       ( See Movant's Attached Commitment Order)

6. Type of Drug(s), including Criminal Code Provisions: OFF. code 381 Off/Chg: ~~21. 841(A)(1)~~ ~~Unlawful PWI TD Cocaine Base~~

7. Other Offenses including Criminal Code Provisions: N/A

8. What was your Plea? ✓ Guilty ___ Not Guilty ✓ 5K.1.1

9. Was your Sentence determined by the Drug Quantity Table in guideline §2D1.1
   ✓ Yes ___ No ___ N/A

10. Criminal History Category (point) 6 (See J&C as Exh.I)

11. Base Offense Level: 31

### III. CONCLUSION

For the foregoing and aforestated reason, Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C. § 3582(c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's original sentencing of Petitioner. Thus applying the post **Booker** advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto him/her such other and further relief as may be deemed just and proper under the circumstances. (See Attached Exihit- Rehabilitation)

Date: 03-19-08

Respectfully Submitted,

Name: Kevin Williams
Reg. No.: 11039-002
Unit: G
Address: P.O. Box 7000
Texarkana, TX. 75505

### CERTIFICATE OF SERVICE

I, __Kevin Williams__ hereby certify that on __03-19-08__, I served upon the following interested party, a true copy of the foregoing Motion for Reduction of Sentence, by **United States Mail**, First Class, postage pre-paid, or as follows:

__Mr. Kent Brunson__  United States Attorney

_____

_____

__Kevin Williams__
Defendant/Moving Party Pro-Se

Brief Summary: On October 25, 2006 Kevin Devon Williams was charged with unlawful possession with the intent to distribute cocaine base (crack). Mr. Williams had in his possession more than 1.5 kg but less than 4.5 kg of cocaine base which had Mr. Williams with a base offense of level 38 under the old United States Sentencing Commission Guideline. Mr. Williams entered his plea of guilty in March of 2007. Mr. Williams Presentence Investigation Report placed him in Category 3 base offense level 35 after he received a 3 point reduction for his Acceptance of Responsibility. Mr. Williams was sentenced on May 31, 2007 by the Honorable Judge Mark Fuller. During sentencing, U.S. Attorney Kent Brunson filed a 5K1.1 motion that granted Mr. Williams a downward departure of an additional 4 levels which put Mr. Williams at base offense level 31 which was 135 to 168 months. Mr. Williams received 135 months. The government recommended the low end of the guideline. Because of Retroactivity of the 2007 Amended Guideline range, Mr. Williams humbly requests of this Honorable Court that his offense level be further reduced to level 29 which is 108 to 135 months and if he still receives the low end would be 108 months. The mandatory minimum term of 10 years was waived because Mr. Williams received relief under a substantial assistance departure under USSG 5K1.1, therefore, his sentence can be reduced below the existing mandatory minimum punishment. Mr. Williams is eligible for consideration under 18 U.S.C. 3582 (c) (2). The court should consider the sentence that it would have originally imposed of 108 months had the guideline as amended been in effect at the time. Mr. Williams urges that it is his goal to rehabilitate himself so that he may return to society a fit and proper person to pursue a meaningful and constructive life for himself, his family, and the community at large.

Respectfully Submitted,